ROBERT L. BLAND, Judge.
By an agreement in writing bearing date on the 21st day of December, 1938, one Carl A. Urban leased to the state road commission of West Virginia one twelve-room two-story frame dwelling house and one four-room one-story frame dwelling house located at 1336 and 1336y2 Wilson Street, in the city of Charleston, Kanawha county, West Virginia, at a monthly rental of one hundred dollars, the said building to be used by the road commission for office purposes. It was provided that either party might terminate said lease by giving sixty days notice of intent so to do. Said lease was to be in effect from January 20,1939. The lessee was given the right to make necessary alterations to either or both of said buildings for office purposes. The lessor was to make necessary repairs and upkeep to the said building. It was agreed that the road commission should leave both of the buildings in as good condition as they were at the time of renting the properties, less normal depreciation, wear and tear.
The road commission entered into possession of said buildings under the terms of the lease and used them for district offices, and remained in possession of the two properties for a period of ten years and terminatd its lease and vacated the said properties on the first day of July, 1949. Thereafter, the Charleston National Bank, Committee for the said lessor Carl A.. Urban, now an incompetent person, made an inspection of the properties and discovered that certain fixtures had been *113 removed from the building and not replaced therein. Said Committee took up the matter of its claim against the road commission with the district engineer of district No. 1. The Committee first claimed that it would cost $1859.40 to replace the missing fixtures. The road commission was unwilling to enter into negotiations upon such a basis. It was the intention of claimant to install modern bathtubs entirely different and more expensive than those which had been removed from the premises. According to the contention of claimant three bathtubs and three sinks had been removed by respondent from the properties. Estimates were obtained. as to the cost of restoring these bathtubs and sinks. The road commission, however, could never satisfy itself that there was responsibility on the part of the state to pay to claimant a sum in excess of $200.00, in settlement of the actual fixtures removed from the premises. Conferences and negotiations resulted in an agreement by the road commission to concur in a claim of $200.00 and the willingness of claimant to accept that sum in full settlement of any and all claims that the said Carl A. Urban could assert and maintain against respondent. Accordingly respondent prepared a record of the claim and concurred therein. This record with the conclusions aforesaid was brought to the attention of the attorney general who approved the payment. The record was duly filed before the clerk of this court on the 14th day of November past, and the case is informally heard under the shortened procedure provision of the court act. From an examination of all the facts and circumstances disclosed by the record, the court is of opinion that the claim should be entered as an approved claim.
An award is therefore made in favor of Charleston National Bank, Committee for Carl A. Urban an incompetent person, for the sum of two hundred dollars ($200.00).